<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| GARFIELD DAVIS, | |
| Plaintiff, | Case No. 2:19-cv-18301 (BRM) (ESK) |
| v. | **OPINION** |
| MANAGEMENT, *et al.*, | |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Garfield Davis' ("Plaintiff") Second Amended Complaint (the "Second Amended Complaint"). (ECF No. 6.) Because Plaintiff has previously been granted *in forma pauperis* status ("IFP") (*see* ECF Nos. 4, 5), the Court is required to screen Plaintiff's Second Amended Complaint pursuant to 28 U.S.C § 1915(e)(2)(B). Plaintiff's first Amended Complaint was dismissed without prejudice for failure to satisfy Federal Rule of Civil Procedure 8. (*Id.*) The Court granted thirty (30) days for the Plaintiff to file a second amended complaint, which was timely filed. (*Id.*) Therefore, the case is reopened.

Having reviewed Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Second Amended Complaint is **DISMISSED**.

**I.   LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*,

396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Second Amended Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). *Kanter*

*v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

## II. DECISION

Plaintiff contends an unidentified management official to whom he paid rent discriminated against him based on his race by charging him more than required by his rental lease agreement. As such, Plaintiff alleges that he was "deprived of the benefit of a federally assist[ed] $220 dollar a month, yearly lease agreement" in violation of 42 U.S.C. § 2000d (ECF No. 6 at 1.)[1] Yet, while Plaintiff's claims are against "Management, et al., Defendant(s)," he fails to identify a specific individual and instead claims to have been discriminated against by "those in management." (*Id*.) Additionally, he alleges that "those in management whose names are not known" conspired to "increase his rent above $220 dollar[s] a month." (*Id.* at 2.) Further, he contends, at times, "those of management . . . [were] all certified and licensed by the state and act[ing] under the color of law," but an exhibit attached to the Second Amended Complaint indicates the property management company was "Essex Plaza I." (*Id.*)

Plaintiff's Second Amended Complaint fails to satisfy Rule 8. Because Plaintiff has not identified a defendant, the Court cannot ascertain the party or parties against whom his claims are alleged in order to find that sufficient notice would be provided to "defendant(s)," or in order for this Court to determine whether Plaintiff has stated a cause of action or whether the Court has jurisdiction.[2] The Court dismissed Plaintiff's First Amended Complaint on similar grounds, and

---

[1] "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d (1964). Plaintiff incorrectly cites to "Title 42 USC § 1964 (2000d)."

[2] Plaintiff contends the Court has jurisdiction pursuant to Title 28 U.S.C. § 1331. (ECF No. 6.)

Plaintiff's Second Amended Complaint fails to remedy those deficiencies. Nevertheless, the Court will allow Plaintiff one final attempt to cure the deficiencies in his pleading.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Second Amended Complaint is **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to satisfy Rule 8. Plaintiff has 30 days to file an amended complaint curing the deficiencies addressed herein. An appropriate Order follows.

Date: January 24, 2020                                            */s/Brian R. Martinotti*
                                                                   **BRIAN R. MARTINOTTI**
                                                                   **UNITED STATES DISTRICT JUDGE**