**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GARFIELD DAVIS, | Case No. 2:19-cv-18301 (BRM)(ESK) |
| Plaintiff, | |
| v. | **OPINION** |
| MANAGEMENT, *et al.*, | |
| Defendant. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Garfield Davis's ("Plaintiff") Third Amended Complaint (the "Third Amended Complaint"). (ECF No. 11.) Because Plaintiff has previously been granted *in forma pauperis* status ("IFP") (*see* ECF Nos. 4, 5), the Court is required to screen Plaintiff's Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's Second Amended Complaint was dismissed without prejudice for failure to satisfy Federal Rule of Civil Procedure 8 (ECF Nos. 9, 10.) The Court granted Plaintiff thirty (30) days to file a Third Amended Complaint, which was timely filed. (*Id.*)

Having reviewed Plaintiff's filings and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause appearing, Plaintiff's Third Amended Complaint is **DISMISSED**.

**I.   LEGAL STANDARD**

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828 (PGS), 2010 WL 457727, at *2 (D.N.J. Feb. 2, 2010), *aff'd*,

396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoners). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Third Amended Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). All pleadings are likewise required to meet the pleading requirements of Federal Rule of Civil Procedure 8 (requiring, as to complaints, "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought"). *Kanter*

*v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (noting the complaint must "provide the opponent with fair notice of a claim and the grounds on which that claim is based").

**II.   DECISION**

Plaintiff contends that a "Mr. Quin King" ("King"), a staff member to whom he paid rent, discriminated against him based on his race by charging him more than required by his rental lease agreement. Plaintiff alleges he was singled out because of his race while participating in a federal assistance program for housing, receiving financial assistance in violation of 42 U.S.C. § 2000d. (ECF No. 11 at 2–3.)[1] Although Plaintiff amended his complaint by identifying a specific individual, Plaintiff's claims remain targeted toward an unidentified and vague defendant referred to as "Management." (*Id.* at 1.) He alleges that King told him he "would have [to] pay 244 dollars a month for rent or be subject to eviction," and that this conduct was in violation of Plaintiff's equal protection and "constitutional immunity" rights. (*Id.* at 2–4.)

Plaintiff's Third Amended Complaint fails to satisfy Rule 8. Although Plaintiff has revised his complaint and identified King as a "Management Staff Member," the Court still cannot ascertain the party or parties against whom his claims are alleged in order to: (1) find that sufficient notice would be provided; (2) determine whether Plaintiff has stated a cause of action; or (3) determine whether the Court has jurisdiction.[2] While Plaintiff has provided a name to whom the alleged discrimination can be attributed, Plaintiff has only listed "Management" as defendant

---

[1] "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d (1964). Plaintiff incorrectly cites to "Title 42 USC § 1964 (2000d)." (ECF No. 11 at 3.)

[2] Plaintiff contends the Court has jurisdiction pursuant to Title 28 U.S.C. § 1331 (ECF No. 11 at 1.)

without further description or information.³ The Court dismissed Plaintiff's First and Second Amended Complaints on similar grounds, and Plaintiff's Third Amended Complaint fails to remedy those deficiencies.

### III. CONCLUSION

For the reasons set forth above, Plaintiff's Third Amended Complaint is **DISMISSED WITH PREJUDICE** in its entirety for failure to satisfy Rule 8.⁴ An appropriate Order follows.

Date: October 7, 2021              */s/ Brian R. Martinotti*
                                   **HON. BRIAN R. MARTINOTTI**
                                   **UNITED STATES DISTRICT JUDGE**

---

³ Even if the Court were to consider King an agent of the named-defendant "Management," the complaint would be deficient for the above-stated reasons.

⁴ Upon dismissal of Plaintiff's Second Amended Complaint, this Court gave Plaintiff thirty (30) days to file a "third and final amended complaint." (ECF No. 9 at 1.)