**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

GARFIELD DAVIS,

Plaintiff,

v.

MANAGEMENT,

Defendant.

Case No. 2:19-cv-18301 (BRM) (ESK)

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Garfield Davis's ("Davis") Third Amended Complaint. (ECF No. 11.) Because Davis has previously been granted *in forma pauperis* status ("IFP") (*see* ECF Nos. 4, 5), the Court is required to screen Davis's Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed Davis's submissions and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b),[1] for the reasons set forth below and for good cause having been shown, Davis's Third Amended Complaint is **DISMISSED**.

## I. BACKGROUND

This action arises out of alleged discrimination in violation of federal law. On February 6, 2020, Davis filed his Third Amended Complaint. (Third Am. Compl. (ECF No. 11) at 1.) Davis alleges "Management" unlawfully discriminated against him while he was participating in a

[1] Davis has submitted letters to the Court, which have been has reviewed and considered. (ECF No. 23.)

federal assistance housing program.[2] (*Id.* at 1–2.) Davis alleges Mr. Quin King of "Management" singled him out solely on the base of race and required him to pay $244 per month in rent, rather than $220 per month as provided for in the lease agreement, or face eviction. (*Id.*)

On October 7, 2021, the Court dismissed Davis's Third Amended Complaint for failing to satisfy Rule 8. (ECF No. 14.) On November 11, 2021, Davis filed a timely appeal. (ECF No. 17.) On May 11, 2021, the Third Circuit vacated dismissal and remanded the matter to this Court for further proceedings. (ECF No. 19-2.) The Third Circuit found Davis's Third Amended Complaint complied with Rule 8, but the court "express[ed] no opinion as to whether Davis's claims may be otherwise subject to dismissal, including under Fed. R. Civ. P. 12(b)(6)." (*Id.* at 6.) To that end, the Court shall rescreen Davis's Third Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which a litigant proceeds *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B); *Stamos v. New Jersey*, Civ. A. No. 095828, 2010 U.S. Dist. LEXIS 9991, at *6–7, n.3 (D.N.J. Feb. 2, 2010), *aff'd*, 396 F. App'x 894 (3d Cir. 2010) (applying § 1915 to nonprisoner *in forma pauperis* cases). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any time frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. *Id*. "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) is the same as that for dismissing a

[2] Davis refers to the defendant party as "Management." (ECF No. 11.) The exhibits provided indicate Davis rented a unit at "Essex Plaza I," a property managed by "Essex Plaza Co." (*See* ECF No. 12 at 14–16.) While unclear who Davis is asserting to be the proper defendant, the Court views the allegations in the Third Amended Complaint liberally and, consistent with the Third Circuit's decision, construes "Management" as Davis's attempt to have identified the "Essex Plaza" entities as the proper defendant.

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Davis is proceeding *in forma pauperis*, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 678 (quoting *Twombly*, 550 U.S. at 555). In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III. DECISION

Davis contends Mr. Quin King, a staff member for "Management" to whom he paid rent, discriminated against him based on his race, in violation of 42 U.S.C. § 2000d, by charging him more than required by his rental lease agreement. Davis alleges he was singled out because of his race while participating in a federal assistance program for housing. (ECF No. 11 at 2–3.) He alleges Mr. Quin King told him he "would have [to] pay 244 dollars a month for rent or be subject

to eviction," and this conduct was in violation of Davis's equal protection and "constitutional immunity" rights.[3] (*Id*. at 2–4.)

Under Title VI of the Civil Rights Act, 42 U.S.C. § 2000d, "[n]o person in the United States shall, on the ground of race . . . be excluded from participation in, be denied the benefits of, or be subject to discrimination under any program or activity receiving Federal financial assistance." Title VI is enforceable through an implied private right of action for damages. *See Barnes v. Gorman*, 536 U.S. 181, 185 (2002). To state a claim under Title VI, a plaintiff must allege (1) membership in a minority, (2) intentional discrimination, and (3) the defendant is a recipient of federal funds. 42 U.S.C. § 2000d; *Dasrath v. Cont'l Airlines, Inc.*, 228 F. Supp. 2d 531, 539 n.11 (D.N.J. 2002).

For the purposes of alleging intentional discrimination, the Third Circuit explained a plaintiff must "plead facts that would support an inference of discrimination" and must "allege that he was treated differently from similarly situated [persons] who are not members of a protected class." *Osei v. La Salle Univ.*, 493 F. App'x 292, 295–96 (3d Cir. 2012). Indeed, a plaintiff must at the very least allege "he is receiving different treatment from that received by other individuals similarly situated." *Kuhar v. Greensburg—Salem Sch. Dist.*, 616 F.2d 676, 677 n.1 (3d Cir. 1980); *Erie CPR v. Pa. DOT*, 343 F. Supp. 3d 531, 554 (W.D. Pa. 2018) ("For purposes of Title VI,

---

[3] Plaintiff incorrectly cites to "Title 42 USC § 1964 (2000d)." (ECF No. 11 at 3.) Davis also fails to indicate which theory of recovery he is pursuing under Title VI. However, because Davis is demanding compensatory damages, the Court construes Davis to be pursuing a theory of intentional discrimination. *See S.H. ex rel. Durrell v. Lower Merion Sch. Dist.*, 729 F.3d 248, 261 (3d Cir. 2013) (explaining that compensatory damages are only available under Title VI where plaintiffs show intentional discrimination); *See also Antonelli v. Gloucester Cnty. Hous. Auth.*, Civ. A. No. 19-16962, 2019 U.S. Dist. LEXIS 184869, at *19 (D.N.J. Oct. 25, 2019) ("[B]ecause Plaintiff is requesting compensatory damages, the Court will assume that she is pursuing a theory of intentional discrimination.").

discriminatory intent can be inferred if the plaintiff alleges that the defendant treated other similarly situated individuals outside of the protected group more favorably.").

Here, Davis has not put forth any factual allegations to "provide a plausible basis to conclude that defendants intentionally discriminated against the plaintiff because of his race in violation of Title VI." *Harper v. City Hall*, Civ. A. No. 16-6149, 2016 U.S. Dist. LEXIS 175641, at *6 (E.D. Pa. Dec. 20, 2016) (dismissing a Title VI claim based solely on the allegation that the state discriminated against plaintiff "based on his race" by failing to issue a corrected birth certificate). In his Third Amended Complaint, Davis provides bare assertions of being "singled out by Mr. Quin King solely because of [his] race."[4] (ECF No. 11 at 2.) However, Davis does not plead facts showing intentional discrimination against him because of his membership in a particular class, rather than merely being treated unfairly as an individual. *See Huebschen v. Dep't of Health & Soc. Svcs.*, 716 F.2d 1167, 1171 (7th Cir. 1983) ("A person bringing an action under the Equal Protection Clause must show intentional discrimination against him because of his membership in a particular class, not merely that he was treated unfairly as an individual."). Other than asserting he was discriminated against because of race, Davis has not pleaded his own race or alleged facts indicating that he received different treatment from that received by other individuals similarly situated outside the protected class. *Antonelli v. Gloucester Cnty. Hous. Auth.*, Civ. A. No. 19-16962, 2019 U.S. Dist. LEXIS 184869, at *20 (D.N.J. Oct. 25, 2019) (dismissing Title VI claim because the "[p]laintiff has not pled her own race, color, or national

[4] To the extent Davis's claims are directed to Mr. Quin King, "individual defendants are not proper defendants under Title VI, because they are not programs or activities receiving federal financial assistance." *Sand Hill Band of Lenape & Cherokee Indians v. Corzine*, Civ. A. No. 09-683, 2010 U.S. Dist. LEXIS 66605, at *59–60 (D.N.J. June 30, 2010) (citing *Shotz v. City of Plantation*, 344 F.3d 1161, 1169 (11th Cir. 2003); *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1356 (6th Cir. 1996).

origin, and nothing in the complaint suggests that any of Defendants' actions were motivated by Plaintiff's race, color, or national origin"); *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992) (explaining a plaintiff "must demonstrate that they received different treatment from that received by other individuals similarly situated"). Indeed, Davis has not pleaded any facts related to other tenants outside of the protected class. Therefore, Davis fails to allege facts that would support an inference of discrimination. *Osei*, 493 F. App'x at 295–96.

Davis does not point to any racially discriminatory statements or conduct by "Management," Mr. Quin King, or anyone involved in the decision to increase his rental payments from $220 per month to $244 per month. There are no facts in the Third Amended Complaint suggesting the actions by "Management" or Mr. Quin King were motivated by Davis's race. *Antonelli*, 2019 U.S. Dist. LEXIS 184869, at *20 (dismissing Title VI claim because "nothing in the complaint suggests that any of Defendants' actions were motivated by Plaintiff's race, color, or national origin"). Instead, the Third Amended Complaint raises boilerplate assertions unsupported by specific facts. *See Holmes v. Fed Ex*, 556 F. App'x 150, 151 (3d Cir. 2014) (dismissing complaint alleging employment discrimination due to plaintiff's race where she relied solely on the defendant's awareness of her race); *see also Rodriguez v. Stanley*, Civ. A. No. 19-9104, 2020 U.S. Dist. LEXIS 234231, 2020 WL 7338221, at *6 (D.N.J. Dec. 14, 2020) (dismissing § 1981 claim where the plaintiff alleged she received unequal treatment when compared to white employees but did not include factual allegations that the defendants intended to discriminate on the basis of race). Without more, Davis is unable to sustain a claim for a violation of Title VI for intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001) (stating that Title VI

"prohibits only intentional discrimination"). Accordingly, Davis's Third Amended Complaint is **DISMISSED**.[5]

## IV. CONCLUSION

For the reasons set forth above, Davis's Third Amended Complaint is **DISMISSED**.

***/s/ Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

Date: August 10, 2022

[5] "A general presumption exists in favor of allowing a party to amend its pleadings." *Hunter v. Dematic USA*, Civ. A. No. 16-00872, 2016 U.S. Dist. LEXIS 65167, at *12 (D.N.J. May 18, 2016) (citing *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984)). "Leave to amend a complaint should be granted freely in the absence of undue delay or bad faith on the part of the movant as long as the amendment would not be futile and the opposing party would not suffer undue prejudice." *Id*. (citations omitted); *see also Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (citing *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)) ("[E]ven when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile."). Accordingly, Davis is permitted to cure any deficiencies and file an amended complaint.